# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CALIFORNIA FIRST LEASING CORPORATION,**
                **Plaintiff,**

-vs-                                                            **Case No. 6:09-cv-300-Orl-19KRS**

**ORLANDO SUN RESORT & SPA, LLC,**
                **Defendant.**

_____

## SUPPLEMENTAL BRIEFING ORDER

This cause came on for consideration by the Court *sua sponte*. Plaintiff California First Leasing Corporation ("CalFirst") filed this case for replevin and breach of contract under the Court's diversity jurisdiction, 28 U.S.C. § 1332, against Defendant Orlando Sun Resort & Spa, LLC ("Orlando Sun"). CalFirst alleges that it is a California corporation and that Orlando Sun is a Delaware limited liability company. Doc. No. 1 ¶¶ 1, 2. CalFirst does not allege the citizenship of each of the members of Orlando Sun. In its answer, Orlando Sun admits that jurisdiction is proper under § 1332, without addressing the citizenship of its members. Doc. No. 10 ¶ 3.

"[F]ederal courts are courts of limited rather than general jurisdiction. This principle is so crucial to our constitutional understanding of the judicial branch that federal courts always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003)(internal citations omitted). In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), the United States Court of Appeals for the Eleventh Circuit held that for purposes of diversity jurisdiction "a limited liability company is a citizen of any state of which a member of the company is a citizen." CalFirst, as the

party asserting diversity jurisdiction, has the burden to "affirmatively allege facts demonstrating the existence of jurisdiction." *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 2004). It has not done so because it has not alleged the citizenship of each member of Orlando Sun.

Accordingly, it is **ORDERED** that, on or before April 13, 2009, CalFirst and Orlando Sun shall file a stipulation regarding the citizenship of each of the members of Orlando Sun. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1023 n.2. Should the parties be unable to reach a stipulation, then on or before April 13, 2009, CalFirst shall file a memorandum of law addressing why the complaint should not be dismissed for lack of subject matter jurisdiction.[1] *See, e.g., Allstate Ins. Co. v. Santa Ana LLC*, No. 08-60865-CIV, 2008 WL 2404822 (S.D. Fla, Jun. 11, 2008).

**DONE** and **ORDERED** in Orlando, Florida this 7th day of April, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court cannot proceed on the Renewed Motion Requesting Issuance of Show Cause Order, Doc. No. 9, until it is established that it has subject matter jurisdiction in this case. Should subject matter jurisdiction be established, counsel for CalFirst will be required to file a supplement to the renewed motion certifying compliance with Local Rule 3.01(g). CalFirst may file this supplement at any time, however.