UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CALIFORNIA FIRST LEASING**
**CORPORATION,**
                   **Plaintiff,**

-vs-                                                    Case No. 6:09-cv-300-Orl-19KRS

**ORLANDO SUN RESORT & SPA, LLC,**
                   **Defendant.**
_____

# ORDER

This case comes before the Court on the Motion of Plaintiff California First Leasing Corporation to Strike Counterclaim [Federal Rule of Civil Procedure 12(f)], or Solely in the Alternative, to Dismiss Count I of the Counterclaim for Failure to State a Claim Upon Which Relief Can Be Granted [Federal Rule of Civil Procedure 12(b)(6)] (Doc. No. 36, filed June 15, 2009), and the Memorandum of Law in Opposition to Plaintiff's Motion to Strike Counterclaim, or, in the Alternative, Motion to Dismiss Count I (Doc. No. 38, filed June 25, 2009).

Plaintiff California First Leasing Corporation ("CalFirst") sued Defendant Orlando Sun Resort & Spa, LLC ("Orlando Sun") seeking damages and replevin of property due to Orlando Sun's alleged failure to meet obligations under a lease agreement between the parties. (Doc. No. 1, filed Feb. 17, 2009.) On March 18, 2009, Orlando Sun filed an Answer with two affirmative defenses claiming that CalFirst had "engaged in unfair and deceptive practices" and "breached the Lease's implied covenant of good faith and fair dealings by capriciously and without cause determining that a materially adverse change in Orlando Sun Resort's credit worthiness had occurred." (Doc. No. 10 at 3-4.) On May 26, 2009, Orlando Sun filed a separate document entitled "Counterclaim" that asserts two causes of action against CalFirst. (Doc. No. 2 at 3-5.) These two causes of action track

the language of the affirmative defenses quoted above. (*Id.*)  CalFirst moves to strike the Counterclaim as untimely.

Federal Rule of Civil Procedure 13(a)(1) requires a "pleading" to "state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Subsection (f) of the Rule states that a court "may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P. 13(f); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1430 (2d ed. 1990). Under Rule 13(a)(1), Orlando Sun was required to assert its counterclaims at the time it filed its Answer. Orlando Sun does not appear to dispute this point; instead it argues that leave to amend is freely granted and it will simply move to amend if the Court grants CalFirst's Motion. (Doc. No. 38 at 1-2.)  Thus, Orlando Sun argues, denying the Motion to Strike would be the most expedient thing to do.

Regardless of the standard for granting leave to add a counterclaim, Orlando Sun must actually move for leave to amend instead of acting first and asking for permission later. Expediency is not a license for litigants or this Court to ignore the Federal Rules of Civil Procedure. Accordingly, the Court **STRIKES** the Counterclaim (Doc. No. 2, filed May 26, 2009) as untimely and filed without leave. If Orlando Sun moves for leave to add its counterclaims, it should set forth factual and legal arguments demonstrating that it has met the appropriate standard.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 19, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record